# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3647

_____

| | | |
|---|---|---|
| Luz Maria Garcia-Mateo, | * | |
| | * | |
| Petitioner, | * | On Petition for Review of an |
| | * | Order of the Board of |
| v. | * | Immigration Appeals. |
| | * | |
| Peter D. Keisler,[1] | * | |
| | * | |
| Respondent. | * | |

_____

Submitted: September 28, 2007
Filed: October 4, 2007

_____

Before BENTON, BOWMAN, and SHEPHERD, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Luz Maria Garcia-Mateo petitions for review of the final order dismissing her motion to reopen her removal proceedings. We deny Garcia-Mateo's petition for review.

Garcia-Mateo entered the United States without inspection in January 1996. On December 10, 2004, the Department of Homeland Security served Garcia-Mateo

_____

[1]Peter D. Keisler has been appointed to serve as Acting Attorney General and is substituted as Respondent pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure.

with a Notice to Appear (NTA), charging her with removability as an alien present in the United States without admission or parole. See 8 U.S.C. § 1182(a)(6)(A)(i). Garcia-Mateo was scheduled for a removal hearing before an Immigration Judge (IJ). Prior to the hearing, Garcia-Mateo filed three motions with the IJ requesting a change of venue from Kansas City, Missouri, to Los Angeles, California, explaining that she had moved to the Los Angeles area. Importantly, in her August 19, 2005, change-of-venue motion, Garcia-Mateo admitted to the factual allegations outlined in the NTA,[2] conceded removability, and informed the IJ that she would "be applying for relief in the form of cancellation of removal . . . under [8 U.S.C. § 1229b(b)(1)] and voluntary departure in the alternative under [8 U.S.C. § 1229c]." Admin. Rec. at 72. The IJ denied Garcia-Mateo's change-of-venue motions on September 2, 2005.

At the removal hearing held on September 8, 2005, Garcia-Mateo, through her attorney, again argued for a change of venue to Los Angeles, asserting that her removal proceedings should be consolidated with those of her spouse.[3] In addition, Garcia-Mateo alleged that she qualified for cancellation of removal and voluntary departure. The IJ concluded that Garcia-Mateo was statutorily ineligible for cancellation of removal because on the date she was served with the NTA, she had not been continuously present in the United States for a period of at least ten years. See 8 U.S.C. § 1229b(b)(1)(A). Specifically, the IJ noted that Garcia-Mateo was served with the NTA on December 10, 2004, and she admitted to the factual allegations therein—including the fact that she had arrived in the United States illegally in January 1996. Thus, by Garcia-Mateo's own admission, she had been present in the United States for a period of less than nine years, not the statutorily required period

[2]Garcia-Mateo asserts in her brief that she arrived in the United States in March 1994, not January 1996. But because she admitted to the factual allegations as described in the NTA—including the date on which she entered the United States—we will recite relevant facts as stated in the NTA.

[3]Garcia-Mateo married on July 28, 2005.

of "not less than 10 years." Id. Because Garcia-Mateo was ineligible for cancellation of removal and the only form of relief available to her was voluntary departure, the IJ also concluded there was no reason to grant Garcia-Mateo's change-of-venue motion or to consolidate her case with her spouse's in Los Angeles. Accordingly, the IJ denied Garcia-Mateo's change-of-venue and consolidation requests. Garcia-Mateo's attorney then requested the maximum available voluntary-departure period—120 days—and sought to reserve the right to appeal the denial of Garcia-Mateo's change-of-venue and consolidation motions. The IJ explained that a 120-day voluntary-departure period under 8 U.S.C. § 1229c(a) (so-called "pre-conclusional" voluntary departure) was available only if Garcia-Mateo waived her right to appeal. See 8 C.F.R. § 1240.26(b)(1)(i)(D) ("An alien may be granted [pre-conclusional] voluntary departure . . . only if the alien . . . [w]aives appeal of all issues . . . ."). Garcia-Mateo accepted pre-conclusional voluntary departure and was given until January 6, 2006, to leave the country.

On November 10, 2005, Garcia-Mateo filed a motion to reopen, citing as grounds for the motion a violation of her due-process rights in the first hearing. Specifically, the motion requested reopening for the purpose of seeking "voluntary departure . . . pursuant to [8 U.S.C. § 1229c(b)]" (so-called post-conclusional voluntary departure). A.R. at 51. Under this voluntary-departure provision, Garcia-Mateo would have retained the right to appeal the IJ's denial of her change-of-venue and consolidation motions, but would have been granted only a 60-day voluntary departure period. See 8 U.S.C. § 1229c(b). In her motion to reopen, Garcia-Mateo argued that at her removal hearing, "the IJ would only grant relief in the form of [pre-conclusional] voluntary departure conditioned upon [her] waiving appeal . . . ; she was not given the opportunity to apply for [post-conclusional] voluntary departure . . . which would have allowed her to reserve appeal." A.R. at 52. On March 30, 2006, the IJ denied the motion to reopen, concluding that Garcia-Mateo had not satisfied her burden to present new facts that would warrant reopening the proceedings.

Garcia-Mateo appealed the IJ's denial of her motion to reopen to the Board of Immigration Appeals (BIA), arguing that the IJ should have explained the difference between pre- and post-conclusional voluntary departure and should have clarified which provision Garcia-Mateo intended to invoke. According to Garcia-Mateo, the IJ "strong-armed" her into accepting pre-conclusional voluntary departure rather than informing her of the option for post-conclusional voluntary departure. Br. of Petitioner at 14. The IJ's behavior, she argued, amounted to a due-process violation and justified reopening her removal proceedings. The BIA dismissed Garcia-Mateo's appeal, concluding that she had not presented new facts sufficient to warrant reopening the proceedings. In addition, the BIA noted that Garcia-Mateo, "who was represented by counsel, requested 120 days of voluntary departure available only under the pre-conclusional provision in [§ 1229c(a)(1)]. The [IJ] properly advised her of the requirement to waive appeal . . . and to accept a final order of removal, which the respondent did." A.R. at 3. Garcia-Mateo appeals, arguing that her removal proceedings should have been reopened to allow her the opportunity to request post-conclusional voluntary departure and that refusal to do so violated her due-process rights.

We review the denial of a motion to reopen for abuse of discretion. See Nativi-Gomez v. Ashcroft, 344 F.3d 805, 807 (8th Cir. 2003). Garcia-Mateo asserts that the IJ's failure to inform her that she could request post-conclusional voluntary departure violated her due-process rights and warranted reopening her removal proceedings. Before we will consider the merits of this assertion, we must first determine whether depriving Garcia-Mateo of the opportunity to request post-conclusional voluntary departure could result in a violation of her due-process rights. See id. We review this constitutional issue de novo. Habchy v. Gonzales, 471 F.3d 858, 862 (8th Cir. 2006).

In order to establish that her due-process rights were violated, Garcia-Mateo must first establish the existence of a protected liberty or property interest. Nativi-Gomez, 344 F.3d at 808. We have held that there is no constitutionally protected

liberty or property interest in discretionary relief from removal.  See Jamieson v. Gonzales, 424 F.3d 765, 768 (8th Cir. 2005) (adjustment of status); Etchu-Njang v. Gonzales, 403 F.3d 577, 585 (8th Cir. 2005) (cancellation of removal).  Because voluntary departure is a form of relief that is available only in the Attorney General's discretion, see Regalado-Garcia v. INS, 305 F.3d 784, 786 n.2 (8th Cir. 2002), there is no constitutionally protected property or liberty interest in such relief, see Nativi-Gomez, 344 F.3d at 809 (holding that denial of "discretionary adjustment-of-status relief does not constitute the deprivation of a constitutionally-protected liberty interest"); see also Naeem v. Gonzales, 469 F.3d 33, 38–39 (1st Cir.  2006) (holding that an alien has no protected property or liberty interest in discretionary relief of voluntary departure, reopening, or adjustment of status); Oguejiofor v. Attorney General, 277 F.3d 1305, 1309 (11th Cir. 2002) ("[A]n alien has no constitutionally-protected right to discretionary relief or to be eligible for discretionary relief."). Because Garcia-Mateo has no constitutionally protected liberty or property interest in the discretionary relief of voluntary departure—whether pre- or post-conclusional—she cannot establish that she had a right to due process in the proceedings to obtain this relief.  See Nativi-Gomez, 344 F.3d at 808.

For the foregoing reasons, we deny Garcia-Mateo's petition for review.

_____