# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

————————

No. 07-1299

————————

Jorge Pinos-Gonzalez,           *

                               *

          Petitioner,      *

                               *   Petition for Review of an

       v.              *   Order of the Board of

                               *   Immigration Appeals.

Michael B. Mukasey,       *

Attorney General of the     *

United States of America,   *

                               *

          Respondent.    *

————————

Submitted: November 15, 2007
Filed: March 5, 2008

————————

Before MURPHY, HANSEN, and GRUENDER, Circuit Judges.

————————

HANSEN, Circuit Judge.

Jorge Pinos-Gonzalez ("Pinos") petitions for review of an order of the Board of Immigration Appeals (BIA), which dismissed his appeal from the decision of an Immigration Judge (IJ) finding him ineligible for cancellation of removal. The BIA concluded that Pinos was attempting to appeal an issue that he had conceded with an argument he had not raised before the IJ. Pinos asserts that the BIA erred by not considering his legal argument regarding his eligibility for cancellation of removal,

and the Attorney General[1] responds that this court should give effect to the BIA's waiver rule. We deny the petition for review.

Pinos admitted the allegations of an amended Notice to Appear in removal proceedings and conceded the charge of removability. He subsequently applied for cancellation of removal. See 8 U.S.C. § 1229b(b). At a preliminary hearing on June 9, 2005, the IJ noted that his criminal record included a 2004 Minnesota conviction of domestic assault in the fifth degree in violation of Minn. Stat. § 609.224, and a 2002 Minnesota conviction for providing false information to a police officer in violation of Minn. Stat. § 609.506. The IJ noted that she considered these to be crimes involving moral turpitude and continued the hearing to provide an opportunity for the parties to address the issue of whether these convictions rendered Pinos ineligible for cancellation of removal. See § 1229b(b)(1)(C) (providing that cancellation of removal is available to an otherwise inadmissible alien if, among other things, the alien has not been convicted of an offense under § 1182(a)(2)); id. § 1182(a)(2)(A)(i) (stating an alien who has "committed, or who admits committing acts which constitute the essential elements of – (I) a crime involving moral turpitude . . . is inadmissible").

At the continued hearing on September 22, 2005, the IJ concluded that Pinos was ineligible for cancellation of removal because he had been convicted of two crimes involving moral turpitude, referencing the domestic assault conviction and the conviction for providing false information to an officer. Pinos asserted that his domestic assault conviction might be vacated in his postconviction proceeding that was then pending in the state appellate court, and if so, he would be eligible for cancellation of removal under the petty-offenses exception. See id. § 1182(a)(2)(A)(ii)(II) (providing that an alien is not barred from seeking cancellation of removal on the basis of only one crime involving moral turpitude if the maximum

_____

[1]Michael B. Mukasey, now Attorney General of the United States, is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

penalty possible for the crime does not exceed imprisonment for one year and the alien was not sentenced to more than six months of imprisonment). His attorney expressly acknowledged that if the state court did not vacate the domestic assault conviction, Pinos's convictions would render him ineligible for cancellation of removal. (See R. at 79-80.) The IJ agreed to continue the hearing.

When the hearing reconvened on January 6, 2006, the state postconviction proceeding was still pending, and the IJ denied Pinos's request for another continuance. Pinos acknowledged his convictions for domestic assault and providing false information to a police officer, and he did not again argue that he was eligible for cancellation of removal. The IJ concluded that these convictions rendered him ineligible for cancellation of removal and denied his request for a voluntary departure.

Pinos appealed to the BIA, arguing for the first time that his conviction for providing false information to an officer was not a "crime" of moral turpitude because the record indicated that the charge to which he pleaded guilty had been amended to a petty misdemeanor, which is not considered a "crime" under Minnesota law. See Minn. Stat. § 609.02, subd. 4a. Pinos argued that his one remaining crime of moral turpitude, the conviction for domestic assault, fit within the petty-offense exception, making him eligible for cancellation of removal as a matter of law, contrary to the IJ's determination. But, the BIA dismissed the appeal and refused to consider this argument because Pinos had waived it by not presenting it to the IJ. The BIA noted that Pinos had "acknowledged several times that his convictions would preclude him from cancellation of removal," (Petitioner's Add. at 2), and emphasized that the petitioner has the burden to demonstrate his eligibility for relief from removal and to develop the relevant issues at the hearing before the IJ.

Pinos then filed this petition for judicial review, arguing that the BIA erred in dismissing his appeal without considering the merits of his legal claim that he is eligible for cancellation of removal under the petty-offense exception. This court does

not have jurisdiction to review the discretionary denial of cancellation of removal under § 1229b, see 8 U.S.C. § 1252(a)(2)(B)(i), but we have jurisdiction to review constitutional claims or questions of law raised in a petition for judicial review, see id. § 1252(a)(2)(D). We may also review the nondiscretionary determinations underlying a denial of an application for cancellation of removal, "such as the predicate legal question whether the IJ properly applied the law to the facts in determining an individual's eligibility." Guled v. Mukasey, Nos. 07-1681 & 07-2339, 2008 WL 248745, at *5 (8th Cir. Jan. 31, 2008); see Reyes-Vasquez v. Ashcroft, 395 F.3d 903, 906 (8th Cir. 2005). Here, the IJ considered Pinos's request for cancellation of removal and found him to be ineligible on the basis of two convictions involving moral turpitude. Pinos acknowledged the convictions before the IJ but raised a new argument attacking one of those convictions in his appeal to the BIA. Citing its own precedents, the BIA refused to consider this new argument, finding that Pinos had waived it by not raising the argument before the IJ. While we have jurisdiction to consider legal arguments regarding an individual's underlying eligibility for discretionary review, this case presents a situation where the agency itself has never ruled upon the merits of the argument that is presented to us, citing its own procedural waiver rule.

The federal regulations provide the BIA with discretionary authority to review the legal conclusions of immigration judges *de novo*, 8 C.F.R. § 1003.1(d)(3)(ii), and authority to prescribe procedural rules governing the proceedings before it, id. § 1003.1(d)(4). The BIA has held that issues not raised before the IJ are not preserved for appeal. See, e.g., In re R-S-H, 23 I & N Dec. 629, 638 (2003) (holding an alien "waived his opportunity to pursue this issue on appeal" by not raising the issue at the hearing before the IJ); see also Torres de la Cruz v. Maurer, 483 F.3d 1013, 1022-23 (10th Cir. 2007) (citing several BIA cases holding the same). The Tenth Circuit in Torres de la Cruz considered the BIA's procedural bar and found it to be "wholly consistent with [the BIA's] rules of practice," including its charge to function as an appellate body. 483 F.3d at 1023 (citing 8 C.F.R. § 1003.1(d)). The Tenth Circuit

reasoned that the policies underlying a general appellate waiver rule "apply with equal force to the BIA," and that the BIA can therefore appropriately apply the doctrine of waiver under its own rules and precedents. Id. The Tenth Circuit gave effect to the BIA's waiver rule by declining to reach the issue for the same reasons as the BIA. We find that reasoning to be sound. Where the agency properly applies its own waiver rule and refuses to consider the merits of an argument that was not raised in the initial hearing, we will not permit an end run around those discretionary agency procedures by addressing the argument for the first time in a petition for judicial review. Cf. Etchu-Njang v. Gonzales, 403 F.3d 577, 583 (8th Cir. 2005) (explaining that the similar doctrine of issue exhaustion in general "serves the salutary purpose of giving the agency an opportunity to address the disputed issue in the first instance").

Pinos asserts that the federal regulations require the BIA to consider legal arguments *de novo*, but the language of the governing regulation is permissive and discretionary, not mandatory. See 8 C.F.R. § 1003.1(d)(3)(ii) (providing that the BIA "may review questions of law, discretion, and judgment and all other issues in appeals from decisions of immigration judges de novo" (emphasis added)). Additionally, as noted above, the federal regulations grant the BIA the authority to prescribe its own procedural rules to govern the proceedings before it. Id. § 1003.1(d)(4). The BIA cited its own precedent for the waiver rule and explained that Pinos had an opportunity to raise this argument before the IJ, where it was his burden to demonstrate his eligibility for cancellation of removal, but he did not. The BIA emphasized that Pinos acknowledged several times before the IJ that his convictions would preclude him from cancellation of removal unless he obtained postconviction relief on the domestic assault conviction. Cf. 8 C.F.R. § 1003.1(d)(2)(i)(B) (providing that the BIA has authority to summarily dismiss an appeal in any case in which "[t]he only reason for the appeal specified by the party concerned involves . . . a conclusion of law that was conceded by that party at a prior proceeding"). To the extent that determining whether the BIA properly followed its own rules is a legal question, we conclude that the BIA committed no error in applying its own waiver rule to Pinos on

this record. Finding no legal error in this process, we likewise decline to reach the merits of Pinos's argument. See Torres de la Cruz, 483 F.3d at 1023.

Pinos asserts that the BIA's application of the waiver rule violated his right to due process and that the IJ denied him due process by erroneously concluding that he was not eligible for cancellation of removal relief. We first note that the IJ's decision is not before us; only the BIA's decision is subject to our review, and that decision dismissed Pinos's administrative appeal on the basis of a procedural bar without affirming or adopting the findings or reasoning articulated by the IJ. See Fofanah v. Gonzales, 447 F.3d 1037, 1040 (8th Cir. 2006) ("Only the BIA order is subject to our review, including the IJ's findings and reasoning to the extent they were expressly adopted by the BIA."). Thus, the IJ's conclusion that Pinos was not eligible for cancellation of removal is not before us.

Additionally, we reject Pinos's argument that the BIA violated his due process rights by refusing to consider *de novo* his legal argument regarding his eligibility for cancellation of removal. The Fifth Amendment guarantees due process in removal proceedings, including a right to fundamentally fair removal proceedings. Habchy v. Gonzales, 471 F.3d 858, 866 (8th Cir. 2006). An alien states a due process claim, however, only where he has been deprived of a protected liberty or property interest. Garcia-Mateo v. Keisler, 503 F.3d 698, 700 (8th Cir. 2007); Etchu-Njang, 403 F.3d at 585. We have repeatedly held that there is no constitutionally protected liberty or property interest in discretionary relief. See, e.g., Garcia-Mateo, 503 F.3d at 700; Etchu-Njang, 403 F.3d at 585; Nativi-Gomez v. Ashcroft, 344 F.3d 805, 809 (8th Cir. 2003). Likewise, "an alien has no constitutionally-protected right . . . to be eligible for discretionary relief." Oguejiofor v. Attorney General, 277 F.3d 1305, 1309 (11th Cir. 2002) (quoted and cited favorably in Garcia-Mateo, 503 F.3d at 700). Because Pinos has no constitutionally protected liberty or property interest in the discretionary relief of cancellation of removal, he cannot establish a due process right in the

proceedings to obtain that relief.  See Garcia-Mateo, 503 F.3d at 700; Etchu-Njang,
403 F.3d at 585.

For these reasons, we deny Pinos's petition for review.

————————————————————