

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-19-2008

# Sarwar v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3126

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Sarwar v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1201.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1201

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3126
_____

MUHAMMAD SARWAR,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A97-141-311)
Immigration Judge:  Honorable Mirlande Tadal

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
MAY 7, 2008

Before:    SLOVITER, STAPLETON AND COWEN, Circuit Judges

(Opinion filed May 19, 2008    )
_____

OPINION
_____

PER CURIAM

Muhammad Sarwar, a native and citizen of Pakistan, petitions for review of a final

order of the Board of Immigration Appeals ("BIA").  For the following reasons, we will

deny the petition for review.

I.

Sarwar entered the United States in October 1998 at JFK International Airport in New York City. On March 14, 2003, he applied for adjustment of status under INA 245(i), 8 U.S.C. § 1255(i).[1] His application stated that he had entered the United States without inspection. Sarwar attended an adjustment of status interview on October 19, 2004, with his attorney. The interviewing officer informed Sarwar that as a Pakistani national, he had to register under the National Security Entry/Exit Registration System ("NSEERS") program. Sarwar attempted to register under NSEERS on November 23, 2004, without his attorney. During the registration process, special agent Michael Riccitelli interviewed Sarwar for about two and a half hours. Sarwar, whose first language is Urdu, did not request an interpreter, and his interview was conducted in English. As indicated in his application, he first told Riccitelli that he had entered the United States without inspection, but after Riccitelli informed him that he was ineligible to adjust his status under section 245(i), he stated that he had entered with someone else's passport. At the conclusion of the interview, Sarwar signed an affidavit and was detained, and a notice to appear charging him as removable under 8 U.S.C. §

---

[1]    Section 245(i) allows undocumented persons who entered the country illegally a one-time chance to apply for lawful permanent resident status. The Attorney General may grant the adjustment of status if, "(A) the alien is eligible to receive an immigrant visa and is <u>admissible</u> to the United States for permanent residence; and (B) an immigrant visa is immediately available to the alien at the time the application is filed." 8 U.S.C. § 1255(i)(2) (emphasis added).

1182(a)(6)(A)(i) (entry without inspection) and 8 U.S.C. § 1182(a)(6)(C)(i) (fraud or willful misrepresentation) was issued the same day.

On November 23, 2005, Immigration Judge ("IJ") Tadal found Sarwar removable as charged, and denied his application for adjustment of status. The IJ found that Sarwar was inadmissible because he entered the United States using a fraudulent passport,[2] and that he was thus ineligible to adjust his status. The IJ also denied Sarwar's motion to suppress the affidavit from the NSEERS interview. In the motion, Sarwar claimed that the interview violated his Fourth and Fifth Amendment rights because he was deprived of his right to counsel, was not allowed to read the affidavit before he signed it, and was not given an interpreter. After considering Sarwar's and Riccitelli's testimony, the IJ found that Sarwar did not make the required prima facie case necessary to suppress the evidence, and that the NSEERS affidavit was thus "inherently trustworthy and admissible as evidence."

Sarwar appealed to the BIA, which adopted and affirmed the IJ's decision. The BIA also stated that the IJ properly denied motion to suppress because Sarwar did not show that the circumstances surrounding his NSEERS interview "were so egregious that

---

[2]　At his removal hearing, Sarwar again claimed that he had entered without inspection. However, the IJ found that he had entered with a fraudulent passport. The IJ based her finding on Sarwar's statement in the NSEERS interview and on the testimony of Kenneth Rosenstein, Deputy Chief Officer at Newark International Airport for Customs and Border Protection, who testified regarding the immigration procedures at JFK airport in 1998 and stated that it was "highly, highly unlikely" that Sarwar would have been able to enter without inspection at the airport.

to rely on the evidence would offend the fifth amendment fundamental fairness requirement." Furthermore, the BIA rejected Sarwar's claim that IJ Tadal improperly considered testimony from Rosenstein—who testified before a different IJ—because Sarwar did not object to the IJ, and because he did not show that he was prejudiced.

Sarwar, through counsel, now files a petition for review challenging: (1) the denial of the motion to suppress; (2) the propriety of his detention after his NSEERS interview; (3) whether the IJ properly considered Rosenstein's testimony; and (4) whether there was enough evidence to find him inadmissible and to deny his application for adjustment of status. The government opposes the petition.

II.

We have jurisdiction to review a final order of removal of the BIA under 8 U.S.C. § 1252(a)(1). Abdulai v. Ashcroft, 239 F.3d 542, 547 (3d Cir. 2001). "[W]hen the BIA both adopts the findings of the IJ and discusses some of the bases for the IJ's decision, we have authority to review the decisions of both the IJ and the BIA." Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004). While the BIA's and IJ's factual finding are reviewed for substantial evidence, we review the legal conclusions de novo, subject to the principles of deference articulated in Chevron U.S.A., Inc. v. Natural Resources Defense Council Inc., 467 U.S. 837, 844 (1984). Briseno-Flores v. Attorney Gen., 492 F.3d 226, 228 (3d Cir. 2007).

Sarwar first argues that the denial of the motion to suppress was incorrect because the IJ did not shift the burden of proof to the government after he presented a prima facie case, as required by Matter of Barcenas, 19 I. & N. Dec. 609, 611 (BIA 1988). This argument fails. Documentary evidence in deportation proceedings is admissible if it is probative and if its use is fundamentally fair. Barcenas, 19 I. & N. Dec. at 611; see also INS v. Lopez-Mendoza, 468 U.S. 1032, 1050-51 (1984). To make a prima facie case that evidence is inadmissible, the movant must establish that the information is erroneous, or that the evidence was obtained by coercion or duress. Barcenas, 19 I. & N. Dec. at 611. If the movant meets this burden, the government will "assume the burden of justifying the manner in which it obtained the evidence." Id. Here, citing to Barcenas, the IJ found that Sarwar did not make a prima facie case of inadmissibility and that the NSEERS affidavit was "inherently trustworthy and admissible as evidence." Thus, the IJ correctly did not require the government to justify how it obtained the evidence.

To the extent that Sarwar argues more generally that the decision to deny his motion to suppress was incorrect, substantial evidence supports the IJ's and BIA's decisions. See Briseno-Flores, 492 F.3d at 228. The record does not compel us to reject the IJ's factual determinations that Sarwar: (1) chose to attend his NSEERS registration without his attorney; (2) was advised of his right to counsel;[3] (3) was not prejudiced by

---

[3]    Sarwar also complained that he was not read his warnings under Miranda v. Arizona, 384 U.S. 436 (1966). However, Special Agent Riccitelli testified that he read the warnings to Sarwar, and that Sarwar signed the affidavit stating that the warnings

5

the interview being conducted in English; and (4) was aware of the contents of the affidavit before he signed it. Given these findings, the IJ properly denied Sarwar's motion to suppress. See Barcenas, 19 I. & N. Dec. at 611. Moreover, as the BIA adopted the IJ's findings, substantial evidence supports its determination that the circumstances surrounding the interview did not constitute an egregious violation of the Fifth Amendment.[4] See Lopez-Mendoza, 468 U.S. at 1050-51 (suggesting that evidence in the immigration context may be excluded where there are "egregious violations of Fourth Amendment or other liberties that might transgress notions of fundamental fairness and undermine the probative value of the evidence obtained").

Second, Sarwar argues that the government violated 8 C.F.R. § 287.8(c) by arresting him without a warrant after his NSEERS interview. The government asserts that we do not have jurisdiction to consider this argument because Sarwar did not exhaust his administrative remedies by raising this issue before the BIA. We agree. A petitioner

---

were read to him. Nevertheless, we note that "Miranda warnings are not required in the deportation context, for deportation proceedings are civil . . . in nature, and the Sixth Amendment safeguards are not applicable." Bustos-Torres v. INS, 898 F.2d 1053, 1056-57 (5th Cir. 1990).

[4] At the end of Sarwar's brief, he argues that the IJ's decision should be reversed because, even if he did waive his right to counsel in the NSEERS interview, the waiver was not knowing and voluntary because it was allegedly predicated on Riccitelli's "implied promise of the grant of permanent residence if [Sarwar] 'changed his story.'" It appears that this argument is actually part of the claim that the denial of the motion to suppress was incorrect. Preliminarily, as stated above, the Sixth Amendment right to counsel does not attach to immigration proceedings. See Fadiga v. Attorney Gen., 488 F.3d 142, 157 n.23 (3d Cir. 2007). Rather, only Fifth Amendment due process protections attach. See id. at 155.

6

must exhaust all administrative remedies available to him as of right before the BIA as a prerequisite to raising a claim before this Court. 8 U.S.C. § 1252(d)(1); Wu v. Ashcroft, 393 F.3d 418, 422 (3d Cir. 2005). After reviewing Sarwar's appeal to the BIA, we conclude that he did nothing to alert the BIA that he wanted it to consider the legality of his arrest. See Joseph v. Attorney Gen., 465 F.3d 123, 126 (3d Cir. 2006) (noting that the "liberal exhaustion policy" was not fulfilled when the petitioner did not alert the BIA to an issue he wished to appeal). Accordingly, we lack jurisdiction to review this issue.

Third, Sarwar argues that IJ Tadal should not have considered Rosenstein's testimony because Rosenstein testified before a different IJ. The BIA rejected this argument because Sarwar failed to object to the IJ, and because he did not show that any prejudice resulted. We first note that the IJ's decision to consider the testimony is not before us; only the BIA's decision is subject to our review. See Abdulai, 239 F.3d at 547. Federal regulations grant the BIA the authority to prescribe its own procedural rules. 8 C.F.R. § 1003.1(d)(4). And the BIA has held that matters not raised before the IJ are waived. See, e.g., In re R-S-H, 23 I. & N. Dec. 629, 638 (BIA 2003) ("[T]he record does not reflect that the respondent raised any objections . . . at the hearing. Therefore, the respondent waived his opportunity to pursue this issue on appeal."). It has been recognized that this waiver rule "is wholly consistent with [the BIA's] rules of practice" as an appellate body. Torres de la Cruz v. Maurer, 483 F.3d 1013, 1023 (10th Cir. 2007); see Pinos-Gonzalez v. Mukasey, --- F.3d ----, 2008 WL 583677, at *2-*3 (8th Cir. Mar. 5,

7

2008).  Accordingly, the BIA properly rejected Sarwar's appeal on this basis.

Finally, Sarwar argues that the decision determining that he was inadmissible and denying his adjustment of status was incorrect because there was no evidence to support it.  He claims, among other things, that the IJ weighed Rosenstein's and Riccitelli's testimony too heavily, that the decision was based on speculation and conjecture, and that the IJ was "predisposed" to find against him.  These arguments are meritless.

Sarwar sought a discretionary adjustment of status under 8 U.S.C. § 1255, and we may not review denials of discretionary relief under 8 U.S.C. § 1252(a)(2)(B)(i). However, the IJ denied Sarwar's application for adjustment of status because she determined Sarwar was statutorily inadmissible under 8 U.S.C. § 1182(a)(6)(C)(i). Because admissibility is a prerequisite for an adjustment of status, this is not a discretionary denial, and we have jurisdiction to review it.  See Singh v. Gonzales, 413 F.3d 156, 160 n.4 (1st Cir. 2005).  The IJ's legal conclusions as to admissibility are reviewed de novo, and findings of willful misrepresentation and fraud "are reviewed under the substantial evidence standard."  See id. at 160.

The IJ's decision that Sarwar was inadmissible because he entered the United States on a fraudulent passport and visa is supported by substantial evidence in the record. As discussed above, Sarwar stated during his NSEERS interview that he entered the country using someone else's passport.  Although Sarwar asserted during the removal proceedings that he entered without inspection, the IJ was well within her discretion to

8

disbelieve this story, especially considering the affidavit, and the testimony of Rosenstein and Riccitelli. Accordingly, there was substantial evidence that Sarwar was inadmissible under 8 U.S.C. § 1182(a)(6)(C)(i). Being inadmissible, he was not eligible for an adjustment of status under 8 U.S.C. § 1255(i).[5]

For these reasons, and after careful consideration of the record and the parties' contentions, we will deny Sarwar's petition for review.

---

[5] We note that we do not have jurisdiction to consider Sarwar's argument that the IJ was "predisposed" to find against him, as he did not raise this issue before the BIA. See Joseph, 465 F.3d at 126.