**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 08a0350n.06**
**Filed: June 19, 2008**

**No. 07-3770**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| ARTUR XHUTI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | OF A DECISION OF THE |
| | ) | BOARD OF IMMIGRATION |
| MICHAEL B. MUKASEY, U.S. Attorney General, | ) | APPEALS |
| | ) | |
| Respondent. | ) | |

**BEFORE:    ROGERS, COOK, and McKEAGUE, Circuit Judges.**

**McKEAGUE, Circuit Judge.**   Artur Xhuti, on behalf of himself and his wife, Majlinda, asks this court for relief from an adverse decision of the Board of Immigration Appeals ("Board"). He maintains that he cannot return to his home country of Albania because of his past political activities and his well-founded fear of future persecution. Because of several procedural miscues during the immigration proceedings, however, we do not reach the merits of the claims presented in the asylum application or the claim of ineffective assistance of counsel. As explained below, we affirm the decision of the Board.

**I**

*No. 07-3770*
*Xhuti v. Mukasey*

The Xhutis, natives and citizens of Albania, came to the United States as nonimmigrant students. Mr. Xhuti sought asylum on February 25, 2002, and listed his wife as a derivative beneficiary. They were both charged with removability for failing to comply with the conditions of their visas. They admitted to the Immigration Judge ("IJ") most of the factual allegations in their notices to appear, including that they arrived in the United States on July 24, 2001. The IJ noted at their initial hearing that the Xhutis were physically in the United States less than a year before they were served with their notices to appear. Neither challenged this factual assertion. They asked for asylum, withholding of removal, protection from torture, and voluntary departure.

Mr. Xhuti admitted removability at the initial hearing. During a second hearing, the IJ found that Mrs. Xhuti was removable as well because she asked to be included on her husband's asylum application and no longer had a foreign residence which she had no intention of abandoning.

The IJ held a merits hearing on February 9, 2005. He adjourned the hearing without issuing a decision. He reconvened the hearing on May 20, 2005, and issued an oral decision. He reaffirmed the Xhutis' removability, denied the application for relief, and found them ineligible for voluntary departure.

The Xhutis timely appealed to the Board on June 17, 2005. While the appeal was still pending, the Xhutis moved to remand their case to allow them to apply for adjustment of status based on Mrs. Xhuti's approved I-140 employment-based visa petition. The Department of Homeland Security ("DHS") opposed the motion, arguing that the Xhutis were ineligible for adjustment of status because they were not in lawful nonimmigrant status. In their reply brief, the Xhutis argued for the first time that their ineligibility should be excused due to the ineffective

assistance of their prior counsel. They also argued, contrary to the IJ's earlier finding, that they had been in the United States for at least a year before being served with their notice to appear and were, therefore, eligible for voluntary departure.

On December 29, 2006, the Board dismissed their appeal and denied their motion to remand. The Board found sufficient factual support for the IJ's finding that the conditions in Albania had changed enough to rebut a presumption of a well-founded fear of future persecution. As to remand, the Board questioned why the Xhutis failed to inform the IJ that they had been in the United States for at least a year prior to being served with the notice to appear. Moreover, they failed to submit any proof that their prior counsel had been informed of the allegation of ineffective assistance of counsel or that a grievance had been filed against him.

The Xhutis then took two avenues in search of relief. First, they filed a petition for review in this court. The clerk of the court subsequently dismissed the petition. *See infra* § II.A.

The second avenue taken was a motion to reconsider filed with the Board. They asked that the Board reconsider its decision not to remand for adjustment of status based on ineffective assistance of counsel or, alternatively, that it consider their time spent in the United States prior to July 2001 for purposes of meeting the one-year physical presence requirement for voluntary departure. They attached a copy of their grievance against their prior counsel filed with the State of Michigan Attorney Grievance Commission; several affidavits; and a copy of correspondence sent by their current counsel to past counsel.

The Board treated the second motion as one to reconsider in part and to remand in part. On the reconsider part, the Board held that the motion was untimely, but went on to deny reconsideration

on the merits because the Xhutis had waived the argument that they were in the country at least a year before service of the notice to appear. On the reopen part, the Board held that it was not time barred because the period for filing a motion to reopen (ninety days) is longer than that for reconsideration (thirty days). The Board concluded, however, that the Xhutis failed to explain why they did not present their evidence sooner. Accordingly, the Board denied their second motion by order filed on May 16, 2007.

Mr. Xhuti petitioned this court for review of the Board's May 16, 2007, decision.

## II

### A.     December 29, 2006, Decision of the Board

Mr. Xhuti devotes considerable space in his briefs to the Board's December 29, 2006, decision on the merits of the asylum application and first motion. That decision, however, is not before us. Pursuant to Sixth Circuit Rule 45(a)(3), the clerk of the court dismissed an earlier petition from that decision for want of prosecution. *Xhuti v. Gonzales*, No. 07-3094, order (6th Cir. May 16, 2007). The Xhutis failed to seek reconsideration of the dismissal. 6th Cir. R. 45(b) (ten days to seek reconsideration). The time limit for judicially challenging the December 29, 2006, decision of the Board has since passed. 8 U.S.C. § 1252(b)(1) (thirty days). Therefore, we lack jurisdiction to consider the merits of that decision. *Prekaj v. INS*, 384 F.3d 265, 267-68 (6th Cir. 2004).

### B.     May 16, 2007, Decision of the Board

The Board decision properly before us for review is the May 16, 2007, decision on the second motion for reconsideration and to reopen. We review the Board's decision for an abuse of discretion. *Denko v. INS*, 351 F.3d 717, 723 (6th Cir. 2003) (citation omitted); *see also* 8 C.F.R. § 1003.2(a). "An abuse of discretion can be shown when the IJ or Board offers no rational explanation, inexplicably departs from established policies, or rests on an impermissible basis such as invidious discrimination against a particular race or group." *Denko*, 351 F.3d at 723 (internal quotation marks and alterations omitted). Questions of law are reviewed de novo. *Ashki v. INS*, 233 F.3d 913, 917 (6th Cir. 2000).

### 1. <u>Motion for Reconsideration</u>

To be eligible for voluntary departure, a petitioner must be physically in the United States for at least one year before being served with a notice to appear. 8 U.S.C. § 1229c(b)(1)(A). The DHS contends that this period must be uninterrupted—any voluntary departure from the United States would start the clock over at the time of reentry. Mr. Xhuti argues to the contrary—a temporary departure only pauses the clock while the alien is outside of the country. The Board did not address the merits of this argument, however, because it concluded in its December 29, 2006, decision that the couple had waived the argument by not challenging the IJ's finding that the clock began ticking on July 24, 2001. They sought reconsideration of that decision, and the Board denied their second motion as untimely and on the merits.

We need not address the issue of timeliness. The purpose of a motion to reconsider is the correction of legal or factual errors that occurred in the Board's original decision. 8 U.S.C. §

1229a(c)(6)(C); 8 C.F.R. § 1003.2(b)(1). Therefore, a motion to reconsider "shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority." 8 U.S.C. § 1229a(c)(6)(C).

It is undisputed that the Xhutis did not object to the IJ's initial ruling or final ruling that they did not meet the one-year requirement. Mr. Xhuti instead points to a line of questioning during the merits hearing when the couple's attorney attempted to show that they in fact were in the country more than a year before being served with the notice to appear. Mrs. Xhuti was testifying about a trip she made with her husband to Albania in 2001 to see her ill mother-in-law. The following colloquy then took place:

> Q. Okay. And after leaving Albania did you spend any time in any other country?
>
> A. We just transit, I'm not sure it was a few hours or what. Just a transit, you know, change of airplanes.
>
> Q. Mrs. Xhuti, do you have any criminal convictions?
>
> A. No.
>
> Q. Do you have enough money in your savings account to buy a ticket --
>
> JUDGE TO MS. SULLIVAN
>
> Q. How is that relevant?
>
> A. Voluntary departure, Your Honor.
>
> Q. They're not eligible.
>
> A. Okay.

Q.      They don't have the one-year after the Notice to Appear or before the Notice to Appear was served.

Hr. Tr. at 139.  Counsel then began asking Mrs. Xhuti about her fear of returning to Albania.

The IJ's conclusion that the Xhutis did not qualify for voluntary departure is not before us. Rather, we only review whether the Board abused its discretion in concluding that the Xhutis waived the issue by not pursuing the matter further before the IJ or objecting to the IJ's conclusion.

Regulations grant the Board the authority to prescribe its own procedural rules. 8 C.F.R. § 1003.1(d)(4).  In prior administrative decisions, the Board has developed and applied a rule that issues not objected to below are waived on appeal. *See, e.g.*, *In re R-S-H*, 23 I&N Dec. 629, 638 (BIA 2003) ("[T]he record does not reflect that the respondent raised any objections . . . at the hearing.  Therefore, the respondent waived his opportunity to pursue this issue on appeal."); *see also Matter of Edwards*, 20 I&N Dec. 191, 196 n.4 (BIA 1990) (cited in the Board's Dec. 29, 2006, decision).  Several courts have recognized the validity of the Board's waiver rule. *Pinos-Gonzalez v. Mukasey*, 519 F.3d 436, 440 (8th Cir. 2008); *Torres de la Cruz v. Maurer*, 483 F.3d 1013, 1022-23 (10th Cir. 2007); *Eduard v. Ashcroft*, 379 F.3d 182, 195 n.14 (5th Cir. 2004); *Ayyoub v. INS*, 93 F. App'x 828, 834 (6th Cir. 2004) (unpublished).  As the Tenth Circuit explained in *Torres de la Cruz*, "The [Board]'s waiver rule, as with most appellate bodies, is wholly consistent with its rules of practice." 483 F.3d at 1023 (citing 8 C.F.R. § 1003.1(d)(1)).

On at least three different occasions the IJ noted that the Xhutis were ineligible for voluntary departure because they entered the country in July 2001.  Not once did the Xhutis specifically object or argue their legal theory that prior periods of physical presence should be considered.  While

counsel did elicit testimony to support that argument, counsel did not object when the IJ cut off that line of questioning or argue that the IJ was wrong in his conclusion. In short, when presented with several opportunities to raise their argument before the IJ, the Xhutis remained silent. Accordingly, we find that the Board did not abuse its discretion when it concluded that the Xhutis waived their voluntary-departure claim. As the Board did not abuse its discretion, we will not consider the claim for the first time on a petition for review. *Pinos-Gonzalez*, 519 F.3d at 440 ("Where the agency properly applies its own waiver rule and refuses to consider the merits of an argument that was not raised in the initial hearing, we will not permit an end run around those discretionary agency procedures by addressing the argument for the first time in a petition for judicial review.").

### 2. <u>Motion to Reopen</u>

As part of their motion, the Xhutis also sought to reopen their application for adjustment of status. Initially, Mr. Xhuti admitted that he was removable and that the IJ determined that Mrs. Xhuti was also removable. After the IJ rendered his final decision, the Xhutis sought to adjust their status to that of lawful permanent residents based on Mrs. Xhuti's I-140 employment-based visa petition. They argued before the Board that they had not maintained their lawful nonimmigrant status based on the erroneous advice of their prior counsel, advice so defective that it rose to the level of ineffective assistance of counsel.

The Board has set forth procedures that parties must follow in asserting the ineffective assistance of counsel. As the Board explained in *Matter of Lozada*,

A motion based upon a claim of ineffective assistance of counsel should be supported by an affidavit of the allegedly aggrieved respondent attesting to the relevant facts. . . . [T]hat affidavit should include a statement that sets forth in detail the agreement that was entered into with former counsel with respect to the actions to be taken on appeal and what counsel did or did not represent to the respondent in this regard. Furthermore, before allegations of ineffective assistance of former counsel are presented to the Board, former counsel must be informed of the allegations and allowed the opportunity to respond. Any subsequent response from counsel, or report of counsel's failure or refusal to respond, should be submitted with the motion. Finally, if it is asserted that prior counsel's handling of the case involved a violation of ethical or legal responsibilities, the motion should reflect whether a complaint has been filed with appropriate disciplinary authorities regarding such representation, and if not, why not.

The high standard announced here is necessary if we are to have a basis for assessing the substantial number of claims of ineffective assistance of counsel that come before the Board.

19 I&N Dec. 637, 639 (BIA 1988). The Board rejected the Xhutis' ineffective assistance of counsel claim in its December 29, 2006, decision because it found that they had failed to provide any evidence that they informed prior counsel of the allegations or that a grievance had been filed with the appropriate disciplinary authority. In their second motion, the Xhutis provided the documentary evidence. However, the Board denied their motion because the Xhutis had failed to explain why they could not have provided the documents earlier.

Mr. Xhuti now argues that the couple met the requirements of *Lozada* in their first motion to reopen because they *informed* the Board that their prior counsel had been notified of the allegations and that a grievance had been filed. Thus, they should not have been required to provide evidence of those assertions in the first place, and the Board abused its discretion in denying their second motion for failing to include the evidence with the first motion.

The argument suffers from at least three fatal defects. First, the Xhutis failed to argue to the Board that they were not required to provide evidence of their communication to counsel or their grievance filed against him. Instead, in their second motion, they argued that they had in fact provided a copy of the grievance with the first motion even though the record does not reflect this to be accurate. (They made no mention of whether the email correspondence was included with the attachments submitted in support of the first motion. The record reflects that copies of the emails were not attached.) We cannot review a claim raised for the first time in a petition for review. *Ramani v. Ashcroft*, 378 F.3d 554, 560 (6th Cir. 2004) (holding "that only claims properly presented to the [Board] and considered on their merits can be reviewed by this court in an immigration appeal").

Second, whether counsel was informed of the allegations and whether a grievance had been filed are factual matters that the Xhutis would have been required to establish at a new hearing. The Board's regulations require that a motion to reopen "state the new facts that will be proven at a hearing" and, importantly, submit "affidavits or other evidentiary material" to support those factual statements. 8 C.F.R. § 1003.2(c)(1). They were also required to show that the evidence "was not available and could not have been discovered or presented" earlier. *Id.* Thus, under § 1003.2(c)(1), the Xhutis were required in their first motion to support with evidence their factual assertions that they had informed their prior counsel of the allegations and had filed a grievance against him. And, they were required in their second motion not only to provide this evidence (which they appear to have done) *but also* to show that the evidence was not available to them during the proceedings on

- 10 -

the first motion. As the Board explained in its decision on the second motion, the Xhutis failed to make this latter showing.

This leads to the third problem. While the email correspondence and grievance were available during the proceedings on the first motion, they were just barely available. The Xhutis filed their first motion to reopen on July 24, 2006. Nowhere in that motion did they set forth a claim of ineffective assistance of counsel. Only in their reply brief did they raise the claim. They submitted their reply brief for filing on September 26, 2006. On September 20, their present counsel sent an email to their prior counsel stating in a perfunctory manner that the latter gave incorrect advice to the Xhutis on how to keep in-status. They then filed a grievance against their prior counsel on September 26, the same day they filed their reply brief. Thus, prior to raising the claim before the Board, the Xhutis gave their prior counsel six days' notice of the general allegation against him, and no prior notice of the specific allegations set forth in the grievance filed with the attorney grievance commission. This was insufficient time for counsel to respond to the charges in the grievance. *Asaba v. Ashcroft*, 377 F.3d 9, 12 (1st Cir. 2004) (holding that three days prior notice of charges was insufficient time for the attorney to respond under *Lozada*); *see also Nikollbibaj v. Gonzales*, 232 F. App'x 546, 555 (6th Cir. 2007) (unpublished) ("Simply put, two days were not sufficient to provide Azzam with an opportunity to respond to the ineffective assistance allegations."), *petition for cert. filed*, 76 U.S.L.W. 3583 (U.S. Apr. 14, 2008) (No. 07-1306).

Because Mr. Xhuti has failed to show that the Board abused its discretion by denying the motion to reopen, we will not reach the merits of the underlying ineffective assistance of counsel claim. *See Nikollbibaj*, 232 F. App'x at 560 (Batchelder, J., concurring in part and dissenting in part)

(explaining that because the petitioners did not comply with *Lozada*, the majority should not have

gone ahead and reached the merits of their ineffective assistance of counsel claim).

## III

Accordingly, we AFFIRM the Board's May 16, 2007, order and DENY the petition.