**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-2371

ALEYDA MARIBEL OCHEA-ALCERRO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  July 21, 2022                                 Decided:  July 25, 2022

Before MOTZ, HARRIS, and RUSHING, Circuit Judges.

Petition denied by unpublished per curiam opinion.

**ON BRIEF:**  H. Glenn Fogle, Jr., THE FOGLE LAW FIRM, LLC, Atlanta, Georgia, for Petitioner.  Brian Boynton, Principle Deputy Assistant Attorney General, Anthony C. Payne, Assistant Director, Jennifer A. Bowen, Trial Attorney, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aleyda Maribel Ochea-Alcerro (Ochea), a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals dismissing her appeal from the immigration judge's oral decision denying Ochea's applications for asylum and withholding of removal.[*] We deny the petition for review.

Here, the Board held that Ochea waived review of one of the immigration judge's alternative, dispositive rulings—to wit:  that Ochea failed to establish that the Honduran government is unable or unwilling to control her alleged persecutors, *see Portillo Flores v. Garland*, 3 F.4th 615, 626, 632-37 (4th Cir. 2021) (en banc) (discussing three elements of an asylum claim, particularly the "government control element")—by failing to specifically address that aspect of the immigration judge's decision in her administrative appeal brief.  Because this ruling was independently dispositive of Ochea's applications for asylum and withholding of removal, the Board declined to reach the issues Ochea did present on administrative appeal and affirmed the immigration judge's denial of relief on this basis.

Upon consideration of the arguments Ochea presses in this court, we discern no error in the Board's application of its procedural waiver rule in this context.  *See In re D-G-C-*, 28 I. & N. Dec. 297, 297 n.1 (B.I.A. 2021) (observing Board's procedural rule that

---

[*] Ochea does not challenge the denial of her request for protection under the Convention Against Torture (CAT).  Accordingly, this issue is waived.  *See* Fed. R. App. P. 28(a)(8)(A); *Cortez-Mendez v. Whitaker*, 912 F.3d 205, 208 (4th Cir. 2019) (explaining that petitioner's failure to address the denial of CAT relief waives the issue).

issues a respondent does not meaningfully challenge on appeal will be deemed waived); *cf. Pinos-Gonzalez v. Mukasey*, 519 F.3d 436, 440-41 (8th Cir. 2008) (finding no error in Board's application of procedural waiver to petitioner). Accordingly, we deny the petition for review. *See In re Ochea-Alcerro* (B.I.A. Nov. 10, 2021).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*