**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-1220**

_____

RUTH KEAN MARTINEZ-RODAS,

> Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

> Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted: October 13, 2022                    Decided: October 17, 2022

_____

Before NIEMEYER and AGEE, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Petition denied in part and dismissed in part by unpublished per curiam opinion.

_____

**ON BRIEF:** Nash Fayad, FAYAD LAW, P.C., Richmond, Virginia, for Petitioner. Brian Boynton, Principal Deputy Assistant Attorney General, Jessica E. Burns, Senior Litigation Counsel, John F. Stanton, Trial Attorney, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ruth Kean Martinez-Rodas (Martinez), a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals dismissing her appeal from the immigration judge's oral decision denying Martinez's applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We deny the petition for review in part and dismiss it in part.

Here, the Board held that Martinez waived review of the immigration judge's alternative, dispositive ruling—to wit: that Martinez failed to establish that the Salvadoran government is unable or unwilling to control her alleged persecutors, *see Portillo Flores v. Garland*, 3 F.4th 615, 626, 632-37 (4th Cir. 2021) (en banc) (discussing three elements of an asylum claim, particularly the "government control element")—by failing to specifically address that aspect of the immigration judge's holding in her administrative appeal brief. Because this ruling was dispositive of the applications for asylum and withholding of removal, the Board declined to reach the substantive issues that Martinez did raise in the administrative appeal and affirmed the immigration judge's denial of relief on this basis.

Upon consideration of the arguments Martinez presses on appeal in conjunction with the administrative record, we discern no error in the Board's application of its procedural waiver rule in this context. *See In re D-G-C-*, 28 I. & N. Dec. 297, 297 n.1 (B.I.A. 2021) (explaining Board's procedural rule that issues an applicant does "not meaningfully challenge[ ]" on appeal will be deemed waived); *accord Pinos-Gonzalez v. Mukasey*, 519 F.3d 436, 440-41 (8th Cir. 2008) (finding no error in Board's application of

2

procedural waiver to applicant).  Martinez also assigns error to the Board's holding that she waived her due process challenge to the immigration judge's failure to record her witness's testimony.  Upon review, we agree with the Board that the alleged due process claim is foreclosed by Martinez's acceptance of the ameliorative action taken by the immigration judge when the transcription issue arose.  Accordingly, we deny the petition for review in part for the reasons stated by the Board.  *See In re Martinez-Rodas* (B.I.A. Feb. 7, 2022).

Finally, we observe that Martinez raises several other arguments in this court that relate to the immigration judge's denial of her claims for asylum, withholding of removal, and protection under the CAT.  We agree with the Attorney General that we lack jurisdiction to consider these claims because they were not raised on appeal to the Board and, thus, were not administratively exhausted.  *See* 8 U.S.C. § 1252(d)(1); *Cabrera v. Barr*, 930 F.3d 627, 631 (4th Cir. 2019) ("[W]hen a petition contains an argument that has never been presented to the [Board] for consideration, we lack jurisdiction to consider it even if other arguments in the petition have been exhausted.").  As such, we dismiss the remainder of the petition for lack of jurisdiction.

Accordingly, we deny in part and dismiss in part Martinez's petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED IN PART*
*AND DISMISSED IN PART*

3