**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-2435

BRENDA PATRICIA REQUENO PORTILLO; B.N.C.R.,

        Petitioners,

     v.

MERRICK B. GARLAND, Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: October 13, 2022                  Decided: October 17, 2022

Before NIEMEYER and AGEE, Circuit Judges, and KEENAN, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

**ON BRIEF:** Devon R. Senges, DUMMIT FRADIN, Greensboro, North Carolina, for Petitioners. Brian Boynton, Principal Deputy Assistant Attorney General, Leslie McKay, Senior Litigation Counsel, John F. Stanton, Trial Attorney, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brenda Patricia Requeno Portillo (Portillo) and her minor son, B.N.C.R,[1] natives and citizens of El Salvador, petition for review of an order of the Board of Immigration Appeals dismissing her appeal from the immigration judge's decision denying Portillo's applications for asylum and withholding of removal.[2] We deny the petition for review.

Here, the Board held that Portillo waived review of the immigration judge's alternative, dispositive ruling—to wit: that Portillo failed to establish the requisite nexus between the past harm she sustained, and future harm she feared, and any of the assumed-cognizable particular social groups, *see Portillo Flores v. Garland*, 3 F.4th 615, 626, 630-31 (4th Cir. 2021) (en banc) (discussing the three elements of an asylum claim, particularly that the applicant must prove a nexus between the alleged persecutory conduct and a protected ground)—by failing to specifically address that aspect of the immigration judge's holding in her administrative appeal brief. Because this ruling was dispositive of the applications for asylum and withholding of removal, the Board declined to reach the other issues that Portillo did assert in her administrative appeal and affirmed the immigration judge's denial of relief on this basis.

---

[1] B.N.C.R. was a derivative asylum applicant. *See* 8 U.S.C. § 1158(b)(3).

[2] Portillo does not challenge the denial of her request for protection under the Convention Against Torture (CAT). Accordingly, this issue is waived. *See* Fed. R. App. P. 28(a)(8)(A); *Cortez-Mendez v. Whitaker*, 912 F.3d 205, 208 (4th Cir. 2019) (explaining that petitioner's failure to address the denial of CAT relief waives the issue).

Upon consideration of the arguments Portillo presses on appeal in conjunction with the administrative record, we discern no error in the Board's application of its procedural waiver rule in this context. *See In re D-G-C-*, 28 I. & N. Dec. 297, 297 n.1 (B.I.A. 2021) (explaining Board's procedural rule that issues an applicant does "not meaningfully challenge[]" on appeal will be deemed waived); *accord Pinos-Gonzalez v. Mukasey*, 519 F.3d 436, 440-41 (8th Cir. 2008) (finding no error in Board's application of procedural waiver to applicant). Accordingly, we deny the petition for review. *See In re Requeno Portillo* (B.I.A. Dec. 1, 2021).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*