**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-1704**

_____

ANTONIUS DA SILVA,

        Petitioner,

    v.

MERRICK B. GARLAND, Attorney General,

        Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted:  April 18, 2024                        Decided:  April 19, 2024

_____

Before WILKINSON, NIEMEYER, and THACKER, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

**ON BRIEF**:  Alex G. Isbell, PALLADINO, ISBELL & CASAZZA, LLC, Philadelphia, Pennsylvania, for Petitioner.  Brian Boynton, Principal Deputy Assistant Attorney General, Stephen J. Flynn, Assistant Director, Jessica R. Lesnau, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonius Da Silva, a native and citizen of Indonesia, petitions for review of an order of the Board of Immigration Appeals dismissing his appeal from the immigration judge's decision denying Da Silva's application for withholding of removal.* We deny the petition for review.

Here, the Board held that Da Silva waived review of one of the immigration judge's alternative, dispositive rulings—to wit: that Da Silva failed to establish that the Indonesian government is unable or unwilling to control his alleged persecutors, *see Portillo Flores v. Garland*, 3 F.4th 615, 626, 632-37 (4th Cir. 2021) (en banc) (discussing three elements of an asylum claim, particularly the "government control element")—by failing to specifically address that aspect of the immigration judge's decision in his administrative appeal brief. Because this ruling was independently dispositive of Da Silva's application for withholding of removal, the Board declined to reach the issues that Da Silva did assert and affirmed the immigration judge's denial of relief on this basis.

Upon consideration of the arguments Da Silva raises in this court, we discern no error in the Board's application of its procedural waiver rule. *See In re D-G-C-*, 28 I. & N. Dec. 297, 297 n.1 (B.I.A. 2021) (observing Board's procedural rule that issues a respondent does not meaningfully challenge on appeal will be deemed waived); *cf. Pinos-Gonzalez v.*

---

* Da Silva does not challenge the agency's analysis as to the timeliness of his asylum application or the denial of his request for protection under the Convention Against Torture. Accordingly, these issues are forfeited. *See* Fed. R. App. P. 28(a)(8)(A); *Ullah v. Garland*, 72 F.4th 597, 602 (4th Cir. 2023) (explaining that a party forfeits appellate review of those issues and claims not raised in the party's briefs).

2

*Mukasey*, 519 F.3d 436, 440-41 (8th Cir. 2008) (finding no error in Board's application of procedural waiver to petitioner). Thus, we agree with the Attorney General that the arguments Da Silva advances regarding the government control element are not administratively exhausted, *see* 8 U.S.C. § 1252(d)(1), and therefore are not properly before us for review, *see Tepas v. Garland*, 73 F.4th 208, 213 (4th Cir. 2023) (observing that, although § 1252(d)(1) is not jurisdictional, it "remains a mandatory claim-processing rule").

Accordingly, we deny the petition for review. *See In re Da Silva* (B.I.A. June 7, 2023). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*
