# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 10-3675

———————

| | |
|---|---|
| Domingo Solis, | * |
| | * |
| Petitioner, | * |
| | * Petition for Review of |
| v. | * an order of the Board |
| | * of Immigration Appeals. |
| Eric H. Holder, Jr., Attorney General | * |
| of the United States, | * |
| | * |
| Respondent. | * |

———————

Submitted: May 10, 2011
Filed: July 28, 2011

———————

Before MELLOY and BENTON, Circuit Judges, and GRITZNER[1], District Judge.

———————

BENTON, Circuit Judge.

Domingo Solis Mendoza petitions for review of the Board of Immigration Appeals' decision denying his application for cancellation of removal. Having jurisdiction under 8 U.S.C. § 1252(a), this court denies the petition.

Solis, a native and citizen of Guatemala, entered the United States in 1992 without inspection. A month later, he applied for asylum and withholding of

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa, sitting by designation.

removal. In 2006, the Department of Homeland Security initiated removal proceedings, issuing a Notice to Appear, charging him with removability as an alien present in the United States without admission or parole. *See* **8 U.S.C. § 1182(a)(6)(A)(i)**. At a preliminary removal hearing, Solis admitted the facts alleged and renewed his request for cancellation of removal. The Attorney General has discretion to cancel removal of an alien (A) physically present in the U.S. continuously for at least 10 years before the application, (B) with good moral character during that period, (C) not convicted of certain offenses, and (D) whose "removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." **8 U.S.C. 1229b(b)(1)**. After a merits hearing, the Immigration Judge found that Solis satisfied these requirements and granted cancellation of removal. On review, the BIA vacated the decision, determining that the IJ applied the wrong legal standard to whether Solis proved that his return to Guatemala would result in "exceptional and extremely unusual hardship." The BIA denied cancellation of removal, and granted Solis's request for voluntary departure.

As a threshold matter, the government argues that this court has no jurisdiction over the petition. Section 1252(a)(2)(B)(i) of the Immigration and Nationality Act states: "Notwithstanding any other provisions of law . . . no court shall have jurisdiction to review any judgment regarding the granting of [cancellation of removal] relief under section . . . 1229b." Even so, this court has jurisdiction of "constitutional claims or questions of law raised upon a petition for review." *See* **8 U.S.C. § 1252(a)(2)(D)** ("Nothing in subparagraph (B) . . . shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section."); *see also* ***Pinos-Gonzalez v. Mukasey***, 519 F.3d 436, 439 (8th Cir. 2008) (noting that although this court lacks "jurisdiction to review the discretionary denial of cancellation of removal under § 1229b, . . . [it has] jurisdiction to review constitutional claims or questions of law raised in a petition for judicial review").

This court, thus, has jurisdiction to review the nondiscretionary determinations underlying a denial of an application for cancellation of removal, such as the "predicate legal question whether the [BIA] properly applied the law to the facts in determining an individual's eligibility to be considered for the relief." *Solano-Chicas v. Gonzales*, 440 F.3d 1050, 1055 (8th Cir. 2006), quoting *Reyes-Vasquez v. Ashcroft*, 395 F.3d 903, 906 (8th Cir. 2005) (alterations in original).

According to Solis, the BIA incorrectly ruled that the IJ applied the wrong legal standard in determining "exceptional and extremely unusual hardship." Whether the IJ applied the correct legal standard is irrelevant here. The IJ's findings are reviewable only to the extent that they have been adopted by the BIA. *See Fofanah v. Gonzales*, 447 F.3d 1037, 1040 (8th Cir. 2006) ("Only the BIA order is subject to [this court's] review, including the IJ's findings and reasoning to the extent they were expressly adopted by the BIA."). When the BIA vacates the IJ's decision and makes a de novo order, only the BIA decision is the subject of this court's review. *See Cherichel v. Holder*, 591 F.3d 1002, 1010 (8th Cir. 2010) (where the BIA vacated the IJ's decision, this court examined the BIA's conclusions, not the IJ's findings); *Falaja v. Gonzales*, 418 F.3d 889, 894 (8th Cir. 2005) ("Because the BIA's decision is the final decision of the agency, it is the subject of [this court's] review.").

Solis further contends that the BIA applied the incorrect legal standard by failing to adequately consider certain factors that the BIA has considered relevant in other decisions. Solis essentially argues that the BIA "improperly weighed the factors in the proper balancing test." *See Gomez-Perez v. Holder*, 569 F.3d 370, 373 (8th Cir. 2009), quoting *Guled v. Mukasey*, 515 F.3d 872, 880 (8th Cir. 2008). Despite characterizing this as a question of law, Solis really challenges the discretionary conclusion of the BIA against him. Such a finding that the evidence "failed to prove that his removal would cause an exceptional and extremely unusual hardship . . . . 'is precisely the discretionary determination that Congress shielded from [this court's] review.'" *Zacarias-Velasquez v. Mukasey*, 509 F.3d 429, 434 (8th Cir. 2007),

quoting ***Meraz-Reyes v. Gonzales***, 436 F.3d 842, 843 (8th Cir. 2006) (per curiam). Because Solis does not challenge the legal standard applied by the BIA, he does not raise an issue within this court's jurisdiction.

The petition for review is denied.

_____