# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 10-3829

———————

Victor Castillo-Castillo,       *
                                              *

          Petitioner,       *

                                             *    Petition for Review of an Order of

      v.                           *    the Board of Immigration

                                             *    Appeals.

Eric H. Holder, Jr., Attorney General    *

of the United States,                *    [UNPUBLISHED]

                                             *

          Respondent.      *

———————

Submitted: November 15, 2011
Filed: April 3, 2012

———————

Before SMITH, COLLOTON, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

The Department of Homeland Security ("DHS") argued that Victor Castillo-Castillo, a citizen of Mexico, was removable as "[a]n alien present in the United States without being admitted or paroled," 8 U.S.C. § 1182(a)(6)(A)(i). An immigration judge ("IJ") concluded that Castillo-Castillo was removable; however, the IJ granted Castillo-Castillo's request for cancellation of removal under 8 U.S.C. § 1229b(b)(1), finding that Castillo-Castillo's removal would result in "exceptional and extremely unusual hardship" to his five minor children, who are citizens of the United States, due to separation from Castillo-Castillo, "the significant caregiver and

provider for them." The DHS appealed, and the Board of Immigration Appeals ("BIA") vacated the IJ's grant of cancellation of removal, finding that Castillo-Castillo "failed to demonstrate that his removal would result in exceptional and extremely unusual hardship" to his children. The BIA remanded for Castillo-Castillo to apply for voluntary departure. Castillo-Castillo now petitions for review. We dismiss the petition for lack of jurisdiction.

The Government argues that we lack jurisdiction to hear Castillo-Castillo's petition for two independent reasons: (1) there is no final order because the BIA remanded the matter to the IJ for Castillo-Castillo to apply for voluntary departure, and (2) the determination as to "exceptional and extremely unusual hardship" to Castillo-Castillo's children under 8 U.S.C. § 1229b(b)(1)(D) is discretionary and not subject to judicial review. Assuming without deciding that there is a final order, we conclude that we lack jurisdiction based on the second ground asserted by the Government.

"[A]lthough we lack 'jurisdiction to review the discretionary denial of cancellation of removal under § 1229b, . . . we have jurisdiction to review constitutional claims or questions of law raised in a petition for judicial review.'" *Gomez-Perez v. Holder*, 569 F.3d 370, 372 (8th Cir. 2009) (second alteration in original) (quoting *Pinos-Gonzalez v. Mukasey*, 519 F.3d 436, 439 (8th Cir. 2008)). Additionally, we "possess jurisdiction to 'review the nondiscretionary determinations underlying a denial of an application for cancellation of removal, such as the predicate legal question whether the IJ properly applied the law to the facts in determining an individual's eligibility.'" *Id.* (quoting *Pinos-Gonzalez*, 519 F.3d at 439) (internal quotation marks omitted).

Castillo-Castillo argues that "this case is about a legal standard, not about discretion." However, Castillo-Castillo "may not create jurisdiction by cloaking an abuse of discretion argument in constitutional [or legal] garb." *Garcia-Torres v.*

*Holder*, 660 F.3d 333, 338 (8th Cir. 2011) (alteration in original) (quoting *Garcia-Aguillon v. Mukasey*, 524 F.3d 848, 849 (8th Cir. 2008)) (internal quotation marks omitted). Castillo-Castillo sets forth information regarding his relationship with his children, the support he provides for them, and how his removal will result in his inability to see some of his children for an extended duration, or even "permanently." Castillo-Castillo asserts that there is a "bell curve" upon which there is a "tipping point . . . where the facts of the case place it into the category of exceptional and extremely unusual hardship." This challenge to the BIA's "determination that the evidence failed to show an 'extraordinary and extremely unusual hardship'" targets "precisely the discretionary determination that Congress shielded from our review." *See Meraz-Reyes v. Gonzales*, 436 F.3d 842, 843 (8th Cir. 2006) (per curiam); *see also Garcia-Torres*, 660 F.3d at 338 ("[T]his Court lacks jurisdiction to review the BIA's hardship determination because, while Petitioner attempts to present his issues as questions of law, the hardship determination actually constitutes a discretionary decision barred from appellate review.").

Castillo-Castillo also asserts that the BIA failed to consider relevant precedent and that the BIA's decision therefore fails to demonstrate that "it has heard and thought and not merely reacted." *Barragan-Verduzco v. INS*, 777 F.2d 424, 426 (8th Cir. 1985) (quoting *Osuchukwu v. INS*, 744 F.2d 1136, 1143 (5th Cir. 1984)). Counsel for Castillo-Castillo acknowledged during oral argument that he recently made a similar argument in another case before this court. *See Solis v. Holder*, 647 F.3d 831, 833 (8th Cir. 2011), *cert. denied*, 565 U.S. ---, 132 S. Ct. 1032 (2012). In *Solis*, we concluded that the contention "that the BIA applied the incorrect legal standard by failing to adequately consider certain factors that the BIA has considered relevant in other decisions" was really a challenge to the BIA's discretionary determination that was not subject to review. *Solis*, 647 F.3d at 833. We reach the same conclusion here.

For these reasons, we lack jurisdiction and therefore dismiss Castillo-Castillo's petition for review.

_____