# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-2556
_____

Pablo Salas-Caballero

*Petitioner*

v.

Loretta E. Lynch

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: February 9, 2015
Filed: May 20, 2015
[Published]

_____

Before LOKEN, SMITH, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

The Department of Homeland Security placed Pablo Salas-Caballero, a citizen of Mexico, in removal proceedings. He conceded removability, applied for cancellation of removal under 8 U.S.C. § 1229b(b)(1), and now petitions for review of the Board of Immigration Appeals ("BIA") decision upholding an Immigration

Judge's ("IJ") denial of that application. We dismiss the petition for lack of jurisdiction to review the issue presented.

The Attorney General has discretion to grant cancellation of removal if four statutory requirements are met, including "exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1)(D). Salas-Caballero claims that removing him to Mexico would result in exceptional and extremely unusual hardship to his United States citizen son.

At the November 2012 removal hearing, Salas-Caballero testified that he recently began living with his nine-year-old son and his son's mother, who lacked legal status but was not in removal proceedings. Salas-Caballero testified that his son would not accompany Salas-Caballero if he were removed to Mexico. Rather, his son would remain with his mother in the United States if Salas-Caballero were removed and would accompany his mother if she were removed to Mexico in the future. The IJ concluded that "none of the evidence or testimony relating to conditions in Mexico would appear to be relevant" to the son's hardship and denied cancellation of removal because any hardship "amount[ed] to the normal hardships experienced by family members when someone is deported."

The BIA affirmed, rejecting Salas-Caballero's contention that the IJ did not adequately consider country conditions in Mexico and the possibility that his son would move to Mexico:

> The Immigration Judge properly considered the evidence of hardship to [Salas-Caballero's] child, including his health and age, the lack of special educational needs, economic and employment issues, and family separation. Even taking into account the country conditions in Mexico . . . when all factors are considered in the aggregate, the respondent did not establish the requisite hardship to his qualifying family member.

The BIA therefore concluded that Salas-Caballero did not qualify for cancellation of removal.  Salas-Caballero petitions for judicial review, arguing the BIA "erred, as a matter of law, by not considering the hardship [his] child would suffer if he accompanied his father to Mexico."

Congress has limited our jurisdiction to review the Attorney General's denial of discretionary cancellation of removal; we may only review "constitutional claims or questions of law."  8 U.S.C. § 1252(a)(2)(B)(i) and (D).  Salas-Caballero argues the BIA committed an error of law by improperly applying its prior decisions in analyzing whether his United States citizen son would suffer exceptional and extremely unusual hardship if Salas-Caballero were removed.   In reviewing cancellation-of-removal denials, we have repeatedly held that an alien's contention "that the BIA applied the incorrect legal standard by failing to adequately consider certain factors that the BIA has considered relevant in other decisions" is beyond our jurisdiction because the alien "really challenges the discretionary conclusion of the BIA against him."   Solis v. Holder, 647 F.3d 831, 833 (8th Cir. 2011), cert. denied, 132 S. Ct. 1032 (2012); see Tejado v. Holder, 776 F.3d 965, 969 (8th Cir. 2015); Hernandez-Garcia v. Holder, 765 F.3d 815, 816 (8th Cir. 2014) ("we lack jurisdiction to review a discretionary BIA decision that petitioner's removal would not 'result in exceptional and extremely unusual hardship,' even when the petitioner seeking review attempted to 'create jurisdiction by cloaking an abuse of discretion argument in constitutional or legal garb'"); Nunez-Portillo v. Holder, 763 F.3d 974, 976-77 (8th Cir. 2014); Garcia-Torres v. Holder, 660 F.3d 333, 338 (8th Cir. 2011), cert. denied, 133 S. Ct. 108 (2012).   Salas-Caballero's contention falls squarely within the controlling reach of these prior decisions.  We therefore lack jurisdiction to review his claim.

The petition for review is dismissed.

_____