**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1157**

YING LIN,

        Petitioner,

    v.

LORETTA E. LYNCH, Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: September 8, 2016      Decided: September 13, 2016

Before MOTZ, DUNCAN, and WYNN, Circuit Judges.

Petition dismissed in part and denied in part by unpublished per curiam opinion.

Bruno J. Bembi, LAW OFFICE OF BRUNO J. BEMBI, Hempstead, New York, for Petitioner. Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Kiley Kane, Senior Litigation Counsel, Kathryn M. McKinney, OFFICE OF IMMIGRATION LITIGATION, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ying Lin, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing her appeal from the immigration judge's (IJ) decision denying her application for cancellation of removal. For the reasons set forth below, we dismiss the petition for review.

Under 8 U.S.C. § 1252(a)(2)(B)(i) (2012), entitled "Denials of discretionary relief," "no court shall have jurisdiction to review any judgment regarding the granting of relief under section . . . 1229b," which is the statutory section governing cancellation of removal. See Sorcia v. Holder, 643 F.3d 117, 124-25 (4th Cir. 2011) (finding no jurisdiction to review discretionary denial of cancellation of removal absent constitutional claim or question of law). Here, the IJ found, and the Board agreed, that Lin failed to meet her burden of establishing that her two daughters would suffer exceptional and extremely unusual hardship if Lin is removed to China. Because this determination is clearly discretionary in nature, we lack jurisdiction to review challenges to this finding.

As stated by the Ninth Circuit, "an 'exceptional and extremely unusual hardship' determination is a subjective, discretionary judgment that has been carved out of our appellate jurisdiction." Romero-Torres v. Ashcroft, 327 F.3d 887, 888

2

(9th Cir. 2003). The agency's finding concerning whether an alien has proved an "exceptional and extremely unusual hardship" is not a constitutional claim or question of law that is exempt from the jurisdictional bar set forth in § 1252(a)(2)(B). See, e.g., Salas-Caballero v. Lynch, 786 F.3d 1077, 1078 (8th Cir. 2015); Sattani v. Holder, 749 F.3d 368, 372 (5th Cir. 2014); Alhuay v. U.S. Att'y Gen., 661 F.3d 534, 549-550 (11th Cir. 2011); Solis v. Holder, 647 F.3d 831, 833 (8th Cir. 2011); see also Obioha v. Gonzales, 431 F.3d 400, 405 (4th Cir. 2005) ("It is quite clear that the gatekeeper provision [of § 1252(a)(2)(B)(i)] bars our jurisdiction to review a decision of the [Board] to actually deny a petition for cancellation of removal."). Indeed, we have concluded that the issue of hardship is committed to agency discretion and thus is not subject to appellate review. Okpa v. INS, 266 F.3d 313, 317 (4th Cir. 2001). Lin's challenge to the agency's finding that she did not show that her removal would be an exceptional and extremely unusual hardship to her two daughters living in the United States is not a reviewable constitutional claim or question of law. Accordingly, we lack jurisdiction to review the denial of cancellation of removal and dismiss in part the petition for review.

Lin's contention that she was denied due process because (1) the IJ did not accept her evidence submitted past the

3

deadline; (2) her counsel appeared by telephone at the merits hearing; and (3) the IJ denied her motion for a continuance must fail. Lin cannot state a colorable due process claim because she has no liberty or property interest at stake. See Aparicio v. Lynch, __ F.3d __, __, 2016 WL 306809, at *5 (7th Cir. 2016) (cancellation of removal is "a form of discretionary relief in which there is no liberty interest at stake"); Nunez-Portillo v. Holder, 763 F.3d 974, 977 (8th Cir. 2014) (alien has no protected liberty interest in cancellation of removal); see also Dekoladenu v. Gonzales, 459 F.3d 500, 508 (4th Cir. 2006) ("No property or liberty interest can exist when the relief sought is discretionary."), abrogated on other grounds by Dada v. Mukasey, 554 U.S. 1 (2008); see also Smith v. Ashcroft, 295 F.3d 425, 429-30 (4th Cir. 2002) (holding that alien's lack of a "protected liberty or property interest" in the relief he sought—a discretionary waiver of deportation—was "a circumstance fatal to his due process claim"). Even if the Lin could assert a due process claim, we concluded that she failed to show that the proceeding was fundamentally unfair. Anim v. Mukasey, 535 F.3d 243, 256 (4th Cir. 2008).

Finally, because Lin failed to show that she substantially complied with the requirements under In re Lozada, 19 I. & N. Dec. 637 (B.I.A. 1988), her ineffective assistance of counsel claim fails.

4

Accordingly, we dismiss in part and deny in part the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DISMISSED IN PART
AND DENIED IN PART
