# United States Court of Appeals

### For the Eighth Circuit

_____

No. 18-2722

_____

Alvaro Blas Apolinar

*Petitioner*

v.

William P. Barr, Attorney General of the United States

*Respondent*

_____

No. 19-1380

_____

Alvaro Blas Apolinar

*Petitioner*

v.

William P. Barr, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: November 14, 2019
Filed: December 27, 2019
_____

Before SHEPHERD, GRASZ, and KOBES, Circuit Judges.
_____

SHEPHERD, Circuit Judge.

In this consolidated appeal, Alvaro Blas Apolinar petitions for review of the Board of Immigration Appeals's (BIA) denial of his application for cancellation of removal and denial of his motion to reopen or reconsider. We dismiss his petition for review of his application for cancellation of removal for lack of jurisdiction. Having jurisdiction under 8 U.S.C. § 1252(a), we deny his petition for review of his motion to reopen or reconsider.

I.

Alvaro Blas Apolinar, a citizen of Mexico, entered the United States in 1998 without being inspected or admitted by an immigration officer. After arriving in the country, he worked in Sedalia, Missouri for several years. He also has two minor children who are United States citizens. In 2010, Blas Apolinar was placed in removal proceedings when the Department of Homeland Security (DHS) filed a Notice to Appear (NTA) with an immigration court. The NTA charged him with removability for being present in the United States without admission or parole by an immigration officer, but it did not provide the date and time of his hearing. Instead, the NTA simply indicated that a hearing date and time would be set.

Blas Apolinar eventually received notice of a hearing scheduled for March 10, 2011, which he attended. At the hearing, he admitted the allegations contained in the NTA and conceded removability. Although an Immigration Judge (IJ) granted his request for voluntary departure, Blas Apolinar later moved to reopen the proceedings

so that he could apply for cancellation of removal.  The IJ granted this motion.  On September 9, 2011, Blas Apolinar filed his application for cancellation of removal on the grounds that removal to Mexico would result in exceptional and extremely unusual hardship for his children.  Specifically, he asserted that his removal would result in his family facing economic hardship, should they remain in the United States, as he is the sole provider for his wife and children.  He also argued that if his family were to accompany him to Mexico, his children would face significant hardship because they have limited Spanish language abilities, they would be unable to enjoy the same educational opportunities as they have in the United States, and they could be at risk due to the rampant crime and gang violence that is prevalent in the region of Mexico where Blas Apolinar would return.  Following a hearing on the application, an IJ granted his application for cancellation of removal on June 14, 2017 after finding that if Blas Apolinar's children went to Mexico with him, they would suffer "exceptional and extremely unusual" hardship.  DHS appealed the IJ's decision to the BIA, which later sustained the appeal, vacated the IJ's decision, and denied Blas Apolinar's application.  Blas Apolinar then timely filed a petition for review in this Court.

On September 10, 2018, Blas Apolinar also filed a motion to reopen or reconsider with the BIA.  Specifically, he argued that, in light of the Supreme Court's decision in Pereira v. Sessions, 138 S. Ct. 2105 (2018), the BIA should rescind the removal order and terminate the case, or, alternatively, remand for additional fact finding. The BIA denied his motion.  Blas Apolinar timely filed a petition for review of that decision in this Court, and both of his petitions were consolidated for appeal.

II.

We first consider Blas Apolinar's argument that the BIA erred in denying his application for cancellation of removal.  Aliens in removal proceedings may, under certain circumstances, be eligible for a "discretionary form of relief called cancellation of removal." Ali v. Barr, 924 F.3d 983, 985 (8th Cir. 2019).  In order to qualify, Blas

Apolinar must show: (1) continuous physical presence in the United States for at least ten years; (2) good moral character; (3) that he has not been convicted of certain crimes; and (4) that his "removal would result in exceptional and extremely unusual hardship" to a qualifying relative. 8 U.S.C. § 1229b(b)(1). For the purposes of this appeal, the only issue is whether Blas Apolinar satisfied the last requirement—that his removal would cause "exceptional and extremely unusual hardship" to his minor children.

We generally lack jurisdiction to consider the agency's discretionary determination that an alien failed to show an "exceptional and extremely unusual hardship" so as to qualify for cancellation of removal. See Solis v. Holder, 647 F.3d 831, 833 (8th Cir. 2011) (noting that this Court lacks jurisdiction over this issue); see also 8 U.S.C. § 1252(a)(2)(B)(i) ("Notwithstanding any other provisions of law . . . no court shall have jurisdiction to review any judgment regarding the granting of [cancellation of removal] relief under section . . . 1229b."). We do, however, have jurisdiction to review a constitutional challenge or question of law related to this determination. See 8 U.S.C. § 1252(a)(2)(D) ("Nothing in subparagraph (B) . . . shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section."); Solis, 647 F.3d at 832 ("[T]his court has jurisdiction of constitutional claims or questions of law raised upon a petition for review." (internal quotation marks omitted)). Such review is de novo. Ortega-Marroquin v. Holder, 640 F.3d 814, 818 (8th Cir. 2011).

First, Blas Apolinar asserts that the BIA failed to follow its own precedent in In re Gonzales Recinas, 23 I. & N. Dec. 467 (BIA 2001), because the level of hardship faced by Blas Apolinar is similar to that of the respondent in that case. He essentially argues that the facts of Gonzales Recinas are similar enough to those in his case such that the BIA should have accounted for the hardship factors in the same way in both cases. Although framed as a legal question, this argument is actually a challenge to

how the BIA weighed the relevant hardship factors in this case. We lack jurisdiction to consider such a challenge. See Salas-Caballero v. Lynch, 786 F.3d 1077, 1078 (8th Cir. 2015) (dismissing petition for lack of jurisdiction where alien argued that "the BIA committed an error of law by improperly applying its prior decisions" in determining whether removal would cause an exceptional and extremely unusual hardship); Hamilton v. Holder, 680 F.3d 1024, 1027 (8th Cir. 2012) ("Since [petitioner's] hardship argument is essentially a challenge to the BIA's weighing of evidence, we lack jurisdiction to review it.").

Second, Blas Apolinar argues that the BIA committed legal error in finding that the economic hardship and educational factors, considered in isolation, were insufficient to satisfy the "exceptional and extremely unusual hardship" requirement. Instead, he asserts that these were relevant hardship factors that should have been considered in the aggregate, not separately, and they should have been analyzed in conjunction with other factors that are missing from the BIA's analysis.

We do not agree with Blas Apolinar's reading of the BIA's opinion. It does not appear that the BIA necessarily considered each hardship factor separately or ignored certain findings made by the IJ—indeed, the opinion explicitly refers to the IJ's findings on the lack of educational opportunity, economic hardship, and prevalence of criminal activity in Mexico, as well as the finding that Blas Apolinar's children had limited Spanish language abilities. Rather, the opinion concludes that, in light of all of the evidence presented, Blas Apolinar failed to satisfy his burden in demonstrating that his children would suffer an "exceptional and extremely unusual hardship" should he be removed from the United States and should his children accompany him to Mexico.

Accordingly, because Blas Apolinar has not raised a valid constitutional claim or question of law concerning the BIA's denial of his application for cancellation of removal, we dismiss his petition for lack of jurisdiction. See 8 U.S.C.

§ 1252(a)(2)(B)(i); see also Zacarias-Velasquez v. Mukasey, 509 F.3d 429, 434 (8th Cir. 2007) ("We lack jurisdiction to review this finding because it is precisely the discretionary determination that Congress shielded from our review." (internal quotation marks omitted)).

## III.

We next consider whether the BIA erred in denying Blas Apolinar's motion to reopen or reconsider in light of Pereira. "We review the BIA's denial of the motion to reopen for abuse of discretion." Martinez v. Lynch, 785 F.3d 1262, 1264 (8th Cir. 2015) (internal quotation marks omitted).

Blas Apolinar argues that the BIA erred in denying his motion to reopen or reconsider on the grounds that the immigration court lacked subject matter jurisdiction over his immigration proceedings. This is because his NTA lacked a specific date and time for his removal hearing, as required by 8 U.S.C. § 1229(a)(1)(G)(i). He contends that the Supreme Court's recent decision in Pereira stands for the proposition that an NTA that does not contain the date and time of his removal hearing divests the immigration court of jurisdiction over the removal proceedings.

Blas Apolinar's exact argument, however, has already been rejected by this Court, "a unanimous chorus of other circuits," and the BIA. Ali, 924 F.3d at 986 (collecting cases). This is because "Pereira had nothing to say about when an immigration judge obtains jurisdiction over an alien's removal proceedings." Id.; see Karingithi v. Whitaker, 913 F.3d 1158, 1160-61 (9th Cir. 2019) (holding that Pereira does not stand for the proposition that a defective NTA divests an immigration court of its jurisdiction). The Supreme Court in Pereira held that an NTA that lacked the time and date of a hearing is insufficient to trigger the "stop-time" rule for purposes of cancellation of removal relief. 138 S. Ct. at 2113-14. The relevant statutory provision analyzed by Pereira—8 U.S.C. § 1229—sets forth various content

requirements of an NTA, but it says nothing about when an immigration court is vested with jurisdiction over removal proceedings. See also Rodriguez de Henriquez v. Barr, 942 F.3d 444, 446 (8th Cir. 2019).

Accordingly, because it was not an abuse of discretion for the BIA to deny Blas Apolinar's motion to reopen or reconsider in light of Pereira, we deny the petition for review.

IV.

For these reasons, we dismiss the petition for review of Blas Apolinar's application for cancellation of removal for lack of jurisdiction and deny his petition for review of his motion to reopen or reconsider.

_____