# United States Court of Appeals

## For the Eighth Circuit

_____

No. 18-1158
_____

Felipe Jimenez-Zarate

*Petitioner*

v.

William P. Barr, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: December 11, 2019
Filed: August 27, 2020
[Unpublished]
_____

Before ERICKSON, MELLOY, and KOBES, Circuit Judges.
_____

PER CURIAM.

Felipe Jimenez-Zarate argued in immigration court that his removal would result in "exceptional and extremely unusual hardship" to his U.S. citizen son, a qualifying relative under 8 U.S.C. § 1229b(b)(1). The immigration judge disagreed. The Board of Immigration Appeals upheld the judge's decision and then denied

Jimenez's motion to reconsider. Jimenez now petitions for review of the BIA's denial of his motion to reconsider. We lack jurisdiction and dismiss his petition.

"We generally lack jurisdiction to consider the agency's discretionary determination that an alien failed to show an exceptional and extremely unusual hardship so as to qualify for cancellation of removal." Apolinar v. Barr, 945 F.3d 1072, 1074 (8th Cir. 2019) (citation omitted). But if a petitioner raises "a constitutional claim or [a] question of law," then "we have jurisdiction to review the denial of a motion to reconsider even when we lack jurisdiction to review the denial of the underlying motion." Camacho v. Whitaker, 910 F.3d 378, 380 (8th Cir. 2018) (citation omitted). Though a petitioner's claim can be "framed as a legal question," if his "argument is actually a challenge to how the BIA weighed the relevant hardship factors in his case," then we lack jurisdiction. Apolinar, 945 F.3d at 1075. The "[f]ailure to raise an issue before the agency constitutes a failure to exhaust administrative remedies and deprives this court of jurisdiction." Juarez Chilel v. Holder, 779 F.3d 850, 855 (8th Cir. 2015) (citation omitted).

Jimenez raised one issue in his motion to reconsider with the BIA: whether he "demonstrated that his U.S. citizen son . . . would suffer exceptional and extremely unusual hardship" as a result of Jimenez's removal. Jimenez's motion alleged that he successfully "demonstrated the requisite hardship to his son," but the BIA had failed to consider "the aggregate hardship of [his son's] loss of his father." Jimenez therefore did not "challenge the legal standard applied" in his case, but instead "essentially argue[d] that the BIA improperly weighed the factors in the proper balancing test." Solis v. Holder, 647 F.3d 831, 833 (8th Cir. 2011) (citation omitted). Under such circumstances, the petitioner "does not raise an issue within this court's jurisdiction." Id.

Jimenez does not raise that argument with us. Instead, he says for the first time that the immigration judge "applied the improper [hardship] standard and acted contrary to law," Jimenez Br. 16; that the BIA "acted contrary to law when it conducted impermissible fact-finding" in dismissing his appeal, id.; and as there is "no rational explanation for" the BIA's decision, it was an abuse of discretion, id. at 21. These claims raise questions of law and could have been raised in Jimenez's original appeal to the BIA or his motion to reconsider. But he did not raise them at any point with the immigration judge or the BIA. Because the BIA has not had an opportunity to address these claims, Jimenez has not exhausted the available administrative remedies and we lack jurisdiction. See Juarez Chilel, 779 F.3d at 855–56; 8 U.S.C. § 1252(d)(1).

We dismiss Jimenez's petition for review.

_____