# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3364
_____

Hector Gonzalez-Rivas

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: September 22, 2022
Filed: November 23, 2022

_____

Before GRUENDER, SHEPHERD, and ERICKSON, Circuit Judges.

_____

ERICKSON, Circuit Judge.

Hector Gonzalez-Rivas, a native and citizen of Guatemala, applied for cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(1). He has three children, who were 19, 10, and 5 years old at the time of the merits hearing in April 2017. The immigration judge denied Gonzalez-Rivas's application. The Board of Immigration Appeals ("BIA") dismissed his appeal, and Gonzalez-Rivas timely petitioned for review of the BIA's decision. We dismiss the petition.

To qualify for cancellation of removal, an alien must show: (1) continuous physical presence in the United States for at least 10 years; (2) good moral character; (3) no convictions of certain crimes; and (4) removal would result in "exceptional and extremely unusual hardship" to a qualifying relative. Apolinar v. Barr, 945 F.3d 1072, 1074 (8th Cir. 2019) (citing 8 U.S.C. § 1229b(b)(1)). At issue is only the fourth prong—the BIA's determination that Gonzalez-Rivas's removal from the United States would not result in exceptional and extremely unusual hardship to his children.

Because cancellation of removal is a "discretionary form of relief," Ali v. Barr, 924 F.3d 983, 985 (8th Cir. 2019), our jurisdiction is limited, Rodriguez v. Barr, 952 F.3d 984, 989-90 (8th Cir. 2020). We have jurisdiction to review constitutional claims and questions of law. Id. at 990; 8 U.S.C. § 1252(a)(2)(D). However, federal courts are without jurisdiction "to review facts found as part of discretionary-relief proceedings." Patel v. Garland, 142 S. Ct. 1614, 1627 (2022). The phrase "questions of law" set forth in § 1252(a)(2)(D) extends to mixed questions of law and fact involving the proper "application of a legal standard to undisputed or established facts." Guerrero Lasprilla v. Barr, 140 S. Ct. 1062, 1067 (2020).

To invoke our jurisdiction, Gonzalez-Rivas frames his issues as constitutional or legal errors. Specifically, he contends the Court must vacate the BIA decision because (1) he has a Fifth Amendment due process right to the care, custody, and control of his minor children; (2) the BIA should shift to a "best interests" analysis that considers the adverse emotional and financial effects on children caused by the permanent separation of a removed parent; and (3) the BIA abused its discretion or misapplied the hardship standard by citing to Matter of Pilch, 21 I&N Dec. 627, 631 (BIA 1996)—a case in which the hardship was not a parent permanently leaving his children, but a family being removed and separated from extended family residing in the United States.

Gonzalez-Rivas has provided no authority allowing us to direct the BIA to implement a new analytical standard for exceptional and extremely unusual hardship.  To the extent Gonzalez-Rivas claims the BIA misapplied the applicable hardship standard—a question of law which we may review, Garcia-Ortiz v. Garland, 20 F.4th 1212, 1215 (8th Cir. 2021)—his claim is without merit.  The BIA considered the relevant hardship factors presented cumulatively, noting specifically that Gonzalez-Rivas has a loving relationship with his children, he provides financial support for his family, his children are in good health with no learning disabilities or mental health issues, and they will suffer significant emotional and financial hardship following removal.  It does not necessarily follow that because the BIA reached an unfavorable determination or cited a case that Gonzalez-Rivas believes can be distinguished from his case, it misapplied the applicable hardship standard.

Even after Guerrero Lasprilla, the BIA's discretionary conclusion that the hardship to the children is not substantially beyond that typically caused by an alien's removal "is precisely the discretionary determination that Congress shielded from our review."  Rodriguez, 952 F.3d at 990; see Garcia-Ortiz, 20 F.4th at 1216-17 (declining to review factual matters such as whether removal proceedings were the cause of child's declining mental health); see also Castillo-Gutierrez v. Garland, 43 F.4th 477, 481 (5th Cir. 2022); Galeano-Romero v. Barr, 968 F.3d 1176, 1182-83 (10th Cir. 2020).

For the foregoing reasons, we dismiss the petition.

_____